CASANUEVA, Judge.
M.P., the Mother, appeals an order finding that two of her children are dependent as to the father, who had consented to the dependency. The order withheld adjudication of dependency and accepted a case plan for the children. In the dependency order, the trial court found that it was in the best interest of the children to remain in the custody of the Mother under protective supervision.[1] We reverse only those portions of the dependency order which give the Department of Children and Family Services (hereinafter “DCF”) the right to share temporary physical custody of the children and which pertain to the maternal grandparents.
DCF filed the petition for adjudication of dependency alleging that during a visit with the children, the father pushed the Mother while at the home of the maternal great-grandparents. The Mother fell on the child, T.B., who was knocked down and struck his head on a wooden table. Both the Mother and child suffered minor injuries as a result of the incident. When family members asked the father to leave, he retrieved a gun from his vehicle, pointed the gun at the maternal uncle’s chest, and waved the gun at other family members standing in the front yard. The children were present during both incidents.
As previously noted, the trial court ordered that the children remain in the custody of the Mother.[2] However, the order also gave DCF “or the temporary legal custodian the right to have temporary physical custody of the children” to provide for the needs of the children. This language giving DCF the right to have temporary physical custody of the children is erroneous, as the trial court granted the Mother legal custody of the children. We therefore reverse this portion of the order and direct the trial court to strike the language indicating that DCF has the *517 right to have temporary physical custody of the children. See § 39.521(4), Fla. Stat. (2012) (“An agency granted legal custody shall have the right to determine where and with whom the child shall live, but an individual granted legal custody shall exercise all rights and duties personally unless otherwise ordered by the court.”).
Further, the dependency order also appears to contradict itself regarding the contact it allows between the children and the maternal grandparents.[3] While it states that the Mother shall not allow the maternal grandparents to have unsupervised visits with the children without the approval of DCF, it also states that the grandparents may transport the children for visits with the father. This portion of the order is reversed and remanded for the trial court to clarify these two directives.
Reversed in part, affirmed in part, and remanded with directions.
WALLACE and LaROSE, JJ„ Concur.

. The Mother does not reside with the father, and there have been no allegations of abuse or neglect pertaining to the Mother.

. The children, T.B. and T.P., were born on September 17, 2009, and September 2, 2010, respectively.

. The domestic violence incident involving the father occurred at the home of the maternal great-grandparents, not the maternal grandparents who are referred to in the order.